# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHARLES EDWARD NAYLOR, #09902**                        **PLAINTIFF**

v.                                         **CAUSE NO. 1:18-cv-225-LG-RHW**

**MDOC, MICHELLE HOLLOWAY,**
**ANGIE HOLLOWAY, JOSEPH ROBERT**                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Charles Edward Naylor, an inmate of the Mississippi Department of Corrections ("MDOC"), brings this pro se Complaint pursuant to 42 U.S.C. § 1983, seeking injunctive relief. Naylor is proceeding *in forma pauperis*. *See* Order [5].

The named Defendants are: MDOC; Michelle Holloway, Case Manager at the South Mississippi Correctional Institution ("SMCI"); Angie Holloway, Assistant Warden at SMCI; and Joseph Robert, SMCI Offender Services. The Court, having liberally construed Naylor's Complaint and Response [7] in consideration with the applicable law, finds that this case should be dismissed.

I.     Naylor's Claims

Naylor complains that MDOC changed his custody classification level without a meeting or hearing violating his Due Process rights. Naylor claims that he meets all of the criteria for placement in a community work center or participation in a county work program, which he claims would be discovered if MDOC policy and procedure were followed.

Naylor also complains about the lack of responses to his grievances filed with the prison administrative remedy program related to this issue. Applying a liberal construction to Naylor's pleadings, he is seeking an order directing MDOC to award him a classification level that allows his placement in a community work center or participation in a county work program and any other benefits associated with such a classification level.

II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Naylor is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

Naylor is asking this Court to direct MDOC to award him a classification level that allows his placement in a community work center or involvement in a county work program. The classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted). An inmate simply does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59

F.3d 520, 533 (5th Cir. 1995)). Furthermore, an inmate "has no constitutional right to be placed in the penal facility of his choice." *Fuselier v. Mancuso*, 354 F. App'x 49, 49 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). MDOC's failure to award Naylor a specific custodial classification level or house him in a community work center does not violate his constitutional rights. Thus, Naylor fails to state a claim for § 1983 relief.

In addition, the Court finds that to the extent Naylor is claiming that the failure to award him a specific classification level or house him in a community work center violates MDOC policy and procedure, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to a level of a constitutional deprivation. *See Guiden v. Wilson,* 344 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)).

Furthermore, to the extent Naylor is claiming his constitutional rights were violated by a lack of responses to his grievances within the prison administrative remedy program, his claims are legally frivolous. An inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, an inmate does not suffer a constitutional violation when his grievance is refused or when he is not allowed to participate in the grievance process. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *see also Morris v. Cross*,

476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claims regarding grievance process were properly dismissed as frivolous).

Lastly, in the event Naylor is seeking sentence credits that may be commensurate with a specific classification level or placement in a community work center, this would result in Naylor receiving an earlier release from incarceration. Any request for a speedier release from incarceration must be pursued through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is "sole federal remedy" for inmate's challenge to the duration of his confinement seeking immediate release or a speedier release from imprisonment). Therefore, to the extent Naylor is seeking sentence credits, his request will be dismissed without prejudice to Naylor's pursuit of these claims in a habeas corpus case.[1]

III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, any possible habeas corpus claims Naylor may be asserting are dismissed without prejudice and Naylor's § 1983 claims are dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Naylor's § 1983

---

[1] Since it is not definitive that Naylor is seeking sentence credits, the Court will not open a separate habeas corpus case based on the pleadings before the Court. Instead, the Court directs the Clerk to mail Naylor a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254. This decision does not reach a determination of the viability of any possible habeas claims.

4

claims are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that any habeas corpus claims Naylor may be asserting in this § 1983 case are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE